# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IBRAHIM FAHMY GERIS, | Case No. CV 11-09143 (OP) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION; ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

///
///
///

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (ECF Nos. 9, 10.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 7 at 3.)

# I.
# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

    (1)    Whether the administrative law judge ("ALJ") properly considered the relevant medical evidence of record; and

    (2)    Whether the ALJ properly considered Plaintiff's subjective complaints and properly assessed Plaintiff's credibility.

(JS at 3.)

# II.
# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

///
///
///

# III.
# DISCUSSION

**A.  The ALJ's Findings.**

The ALJ found that Plaintiff has the severe impairments of a degenerative disc disease and osteophytes at C5-7, abnormal liver function diagnosed as hepatitis C and liver cirrhosis, and insulin dependent diabetes. (Administrative Record ("AR") at 11.) The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform medium work activity, with the exception that he must avoid exposure to workplace hazards such as dangerous machinery and unprotected heights. (Id. at 13.)

Relying on the testimony of a Vocational Expert ("VE"), the ALJ determined that Plaintiff was able to perform his past relevant work as a Retail Store Manager (Dictionary of Occupational Titles ("DOT") No. 222.387-058). (AR at 15.) The ALJ also relied on the VE's testimony to determine that there were alternative occupations such as Lens-Block Gauger (DOT No. 716.687-030), Table Worker (DOT No. 739.687-182), and Addresser (DOT No. 209.587-010), that exist in significant numbers in the national economy. (AR at 47.)

**B.  The ALJ's Consideration of the Relevant Medical Evidence of Record.**

Plaintiff contends that the ALJ failed to properly consider the relevant medical evidence of record. (JS at 4.) Specifically, Plaintiff contends that the consultative examiner's failure to review any medical evidence of record documenting Plaintiff's physical impairments, symptoms, and limitations constitutes a defective report. (Id. at 4-7.) As a result, Plaintiff claims that the ALJ erred in relying on this "defective" consultative examination report. (Id. at 6.) Additionally, Plaintiff claims that the ALJ improperly rejected the examining psychiatrist's opinion. (Id. at 6-7.) This, Plaintiff argues, mischaracterizes Plaintiff's past relevant work. (Id.) Lastly, Plaintiff asserts that the ALJ committed error by failing to include any psychiatric limitations in the

hypothetical to the VE. (Id. at 7.)

### 1. Applicable Law.

The ALJ is responsible for considering the medical evidence of record in making a determination of disability. 20 C.F.R. §§ 404.1512(d), (e), 404.1527, 404.1545(a)(3) (2012). However, the ALJ is not required to "discuss every piece of evidence" so long as the decision was supported by substantial evidence. Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Rather, the ALJ need only explain why "significant probative evidence has been rejected." Vincent ex rel. Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984); see also Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999) ("The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence.").

It is well-established in the Ninth Circuit that the reports of consultative experts may serve as substantial evidence. Magallanes v. Bowen, 881 F.2d 747, 752 (9th Cir. 1989). An expert's opinion should not be second-guessed by "burdensome procedural requirements." Id. at 753 (quoting Allen v. Heckler, 749 F.2d 577, 580 (9th Cir. 1984)). An examining expert's uncontroverted opinion may be rejected only for "clear and convincing" reasons. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008). If the examining expert's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are supported by substantial evidence in the record. Id. The ALJ does not have to accept the opinion of any expert that is inadequately supported by the medical record. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

### 2. The ALJ's Consideration of Plaintiff's Physical Impairments.

Plaintiff contends that the ALJ improperly relied on the opinion of examining physician, Bryan H. To, M.D., because of Dr. To's failure to consider the medical evidence of record pertaining to Plaintiff's physical impairments,

symptoms, and limitations. (JS at 5; AR at 230.) The Court disagrees.

Dr. To's report noted that Plaintiff is diagnosed with hepatitis C, diabetes, and liver cirrhosis. (AR at 228.) He noted Plaintiff's complaints about joint pain with regard to range of motion in the neck, shoulders, elbows, wrists, hands, hips, knees, ankles, and feet. (Id. at 225.) However, upon examination, Dr. To concluded there was no evidence of deformity, swelling, or tenderness in the joints. (Id. at 228.) Plaintiff's ranges of motion were all found to be normal. (Id.) The report also indicated that Plaintiff is able to push, pull, lift, and carry up to fifty pounds occasionally and twenty-five pounds frequently; stand and walk six hours in an eight-hour workday; can frequently bend, kneel, stoop, crawl, and crouch; and can frequently walk on uneven terrain, climb ladders, or work with heights. (Id. at 229.)

In his decision, the ALJ fully and properly considered the totality of evidence, including the relevant medical records documenting Plaintiff's physical impairments, symptoms, and limitations. The ALJ did not solely rely on Dr. To's opinion. The medical record was cited and referenced numerous times throughout the ALJ's decision. (Id. at 11-16.) In addition to relying on Dr. To's opinion, the ALJ thoroughly discussed each of Plaintiff's alleged impairments based on the medical records. (See, e.g., id. at 11-15; see also infra notes 4-7.) In fact, the ALJ went so far as to discuss diagnoses not considered or discussed in Dr. To's report, such as Plaintiff's gastritis and bladder stones. (AR at 12, 13.)

Despite the fact that Dr. To may not have reviewed the treating source opinions,[3] the ALJ did consider these documents. (Id. at 11-15.) Based on his review of the evidence, he found that the medical record failed to establish that

---

[3] Dr. To's report states "There are no medical records available for review." (AR at 225.)

Plaintiff's degenerative disc disease,[4] diabetes,[5] hepatitis C and liver cirrhosis,[6] and leg and foot pain[7] met or equaled a listed impairment. (Id.) After weighing Dr. To's opinion, the treating source opinions, and other evidence of record, the ALJ accepted Dr. To's opinion as to Plaintiff's physical impairments. (Id.)

Based on the foregoing, the Court finds that the ALJ's decision was supported by substantial evidence. Thus, the ALJ did not commit error by relying

---

[4] The treating physician's findings were largely in line with Dr. To's report. (AR at 175, 228; see also id. at 154-270.) In the absence of controverting opinions, the ALJ found no reason to disregard Dr. To's opinion on Plaintiff's degenerative disc disease.

[5] There are no treatment records of peripheral neuropathy past the initial diagnosis in November 2008. (Id. at 13, 249-60) In fact, further clinical exams revealed no neurological deficits. (Id. at 254.) Similarly, Dr. To did not discover any evidence of peripheral neuropathy. (Id. at 228.) In the absence of any controverting opinions or evidence, it was proper for the ALJ to accept Dr. To's opinion as to Plaintiff's diabetes. See Carmickle, 533 F.3d at 1164.

[6] Plaintiff's physical symptoms of liver disease have been sporadic over the years, and none were noted in Dr. To's report. (AR at 228.) Contrary to the ALJ who found "there [were] no serology studies confirming hepatitis C exposure, nor [were] there biopsy or similar studies confirming cirrhosis," the Plaintiff did undergo a biopsy in February 2002 confirming cirrhosis. (Id. at 14, 155, 228.) Although the ALJ committed an error in this determination, such an error was harmless and did not affect the ALJ's conclusion. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054-55 (9th Cir. 2006) (finding an error to be harmless if it did not materially impact the ALJ's decision).

[7] The ALJ concluded that "the medical record fails to establish more than mild, isolated, and transitory foot pain and *related* symptoms." (AR at 12 (emphasis added).) The treating doctor went on to state that "I can't confirm disability–will need to be confirmed by Podiatry." (Id. at 157.) Medical records fail to establish any confirmation by a podiatrist. Despite mild foot and leg pain, Plaintiff's gait was normal during both Dr. To's examination and the treating doctor's examination. (Id. at 156, 227, 254.)

on Dr. To's opinion.

### 3. The ALJ's Consideration of Plaintiff's Mental Impairment.

#### a. The ALJ's Consideration of the Examining and Evaluating Psychiatrists' Opinions.

Plaintiff contends the ALJ ignored the opinion of examining psychiatrist Ernest A. Bagner III, M.D., who found certain limitations with respect to handling stress and completing complex tasks. (JS at 7; AR at 12, 244.) Specifically, Plaintiff claims that the ALJ improperly disregarded Dr. Bagner's opinion in favor of the opinion of the evaluating psychiatrist, Dr. R. Tashijian, M.D. (JS at 7.) The Court disagrees.

In his report, Dr. Bagner diagnosed Plaintiff with "mood disorder," with mild to moderate limitations in handling stress and completing complex tasks. (AR at 12, 244.) On the other hand, Dr. Tashijian found only mild limitations. (Id. at 244.) As noted by the ALJ, the only evidence of Plaintiff's treatment in these areas was that on November 7, 2008, he was being prescribed an antidepressant. (Id. at 12, 266, 270.) Other than this, "there is no record of the [Plaintiff] receiving any specialized psychiatric treatment or care. In fact, there is no record of him actually being evaluated by a treating source using any generally accepted psychiatric method."[8] (Id. at 12.) Plaintiff failed to provide sufficient evidence that he is receiving mental health treatment and that his condition is ongoing.

In light of the factors above, the ALJ properly concluded that Dr. Tashijian's opinion was "well-founded and the most consistent with the medical record, when viewed as a whole." (Id. at 12.) Dr. Tashijian's opinion consequently serves as substantial evidence justifiably relied upon by the ALJ.

---

[8] According to Dr. Bagner's review of Plaintiff's past psychiatric history, Plaintiff was not seeing a psychiatrist or counselor for his depression. (AR at 222.)

1  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (nonexamining opinion
2  may serve as substantial evidence if it is consistent with and supported by the
3  medical record). Thus, the Court finds that the ALJ provided sufficiently specific
4  and legitimate reasons for rejecting Dr. Bagner's opinion in favor of Dr.
5  Tashijian's opinion. Carmickle, 533 F.3d at 1164 (an examining expert's
6  controverted opinion may be rejected only for specific and legitimate reasons that
7  are supported by substantial evidence).

      **b.** **The ALJ's Determination of Past Relevant Work.**

9    Plaintiff claims that his past relevant work would be considered complex
10 and that he is unable to perform it due to his significant mental limitations as
11 found by Dr. Bagner. (JS at 7.) As previously discussed, the ALJ properly
12 discounted Dr. Bagner's findings. Thus, Plaintiff's argument is without merit.
13   Based on the foregoing, the Court finds that there was substantial evidence
14 to support the fact that Plaintiff's can perform his past relevant work.

      **c.** **The ALJ's Failure to Include Psychiatric Limitations in the Hypothetical to the VE.**

17   Finally, Plaintiff contends that the ALJ failed to include any psychiatric
18 limitations in his hypothetical. (Id.)
19   "In order for the testimony of a VE to be considered reliable, the
20 hypothetical posed must include 'all of the claimant's functional limitations, both
21 physical and mental' supported by the record." Thomas v. Barnhart, 278 F.3d 947,
22 956 (quoting Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical
23 questions posed to a VE need not include all alleged limitations, but rather only
24 those limitations which the ALJ finds to exist. See, e.g., Magallanes v. Bowen,
25 881 F.2d 747, 756-57 (9th Cir. 1989); Copeland v. Bowen, 861 F.2d 536, 540 (9th
26 Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a
27 result, an ALJ must propose a hypothetical that is based on medical assumptions,
28 supported by substantial evidence in the record, that reflects the claimant's

1  limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing
2  Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d at
3  1043 (although the hypothetical may be based on evidence which is disputed, the
4  assumptions in the hypothetical must be supported by the record).
5      As previously discussed, the ALJ properly relied on Dr. Tashijian's opinion,
6  which found only mild mental limitations. (AR at 244.) Since there was no
7  evidence in the medical record supporting more than mild psychiatric limitations,
8  the ALJ was not obligated to include Plaintiff's psychiatric limitations in his
9  hypothetical to the VE. Osenbrock, 240 F.3d at 1164-65. Thus, there was no
10 error.

11 **C.   The ALJ's Consideration of Plaintiff's Subjective Complaints and**
12       **Plaintiff's Credibility.**
13     Plaintiff contends that the ALJ erred by failing to provide specific reasons
14 for discrediting Plaintiff's subjective complaints. (JS at 13.) Specifically, he
15 contends that there was sufficient objective evidence to support his subjective
16 complaints. (Id. at 14.) He further asserts that the ALJ failed to provide an
17 opportunity to update medical records or provide an explanation when the record
18 showed only one medical doctor visit between November 2008 and February 8,
19 2010. (Id. at 12, 14.) Plaintiff also argues that his wife's third-party report was
20 improperly rejected. (Id. at 15.) The Court disagrees with Plaintiff's contentions.
21     **1.   Applicable Law.**
22     An ALJ's assessment of pain severity and claimant credibility is entitled to
23 "great weight." Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v.
24 Heckler, 779 F.2d 528, 531 (9th Cir. 1986). When, as here, an ALJ's disbelief of a
25 claimant's testimony is a critical factor in a decision to deny benefits, the ALJ
26 must make explicit credibility findings. Rashad v. Sullivan, 903 F.2d 1229, 1231
27 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). But see
28 Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that

claimant was not credible is insufficient.)

An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony. Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991). An ALJ may properly consider "testimony from physicians . . . concerning the nature, severity, and effect of the symptoms of which [claimant] complains," and may properly rely on inconsistencies between claimant's testimony and claimant's conduct and daily activities. See, e.g., Thomas, 278 F.3d at 958-59 (citation omitted). An ALJ also may consider "[t]he nature, location, onset, duration, frequency, radiation, and intensity" of any pain or other symptoms; "[p]recipitating and aggravating factors"; "[t]ype, dosage, effectiveness, and adverse side-effects of any medication"; "[t]reatment, other than medication"; "[f]unctional restrictions"; "[t]he claimant's daily activities"; "unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment"; and "ordinary techniques of credibility evaluation," in assessing the credibility of the allegedly disabling subjective symptoms. Bunnell, 947 F.2d at 346-47; see also Soc. Sec. Ruling 96-7p; 20 C.F.R. § 404.1529 (2005); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on plaintiff's daily activities, and on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record); Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely on weak objective support, lack of treatment, daily activities inconsistent with total disability, and helpful medication); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly rely on the fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on claimant's daily activities and the lack of side effects from prescribed medication).

2.  **Analysis.**

    a.  **Insufficient Objective Evidence.**

The ALJ discussed the lack of medical evidence supporting the alleged severity of Plaintiff's impairments:

> The claimant testified that he is unable to work because of a combination of pain in his shoulders, hips, legs and feet, as well as persistent swelling in his lower extremities when he stands for more than a brief period. Similarly, when he applied for benefits he reported extreme swelling in his legs after standing for only brief periods, in addition to profound stomach pain, as well as extreme fatigue and exhaustion . . . A review of his treatment records reflect modest and isolated reports of symptoms. At no time does he report profound pain, extreme swelling or difficulty standing and walking to his treating sources. The one occasion, when he reported foot pain, it was described as "mild." Likewise, on the occasions when edema was noted by his treating sources, it was also described as "mild."

(AR at 14-15 (citations omitted).)

The ALJ concluded that "[t]his disconnect between his treatment records and his disability claim, strongly suggests that there is an element of exaggeration." (Id. at 15.) This reason alone cannot be conclusive of discounting Plaintiff's credibility. Bunnell, 947 F.2d at 346-47 (the ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence). Nevertheless, the ALJ may use it as a factor in determining credibility. See, e.g., Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); Morgan, 169 F.3d at 600 (ALJ may properly consider conflict between claimant's testimony of subjective

complaints and objective medical evidence in the record). As discussed below, the ALJ properly relied on other factors in rejecting Plaintiff's credibility.

### b. **Inconsistent Actions.**

The ALJ also considered Plaintiff's actions that were inconsistent with his allegations of disabling symptoms. For instance, the ALJ noted that "claimant left town without care for several months, after his alleged onset date. This is not the conduct one would expect of an individual experiencing the debilitating effects of liver disease and/or extreme swelling in his joints after only a brief period on his feet." (AR at 15 (citation omitted).) This conclusion is a clear and convincing reason for discounting Plaintiff's credibility. Thomas, 278 F.3d at 959 (ALJ may consider inconsistencies between Plaintiff's testimony and conduct in determining credibility).

### c. **Lack of Opportunity to Update Medical Records.**

The ALJ also found that Plaintiff was treated only once between November 2008 and February 2010. Plaintiff complains he was not given the opportunity to update his medical records or provide an explanation. (JS at 12.) However, during the administrative hearing, the ALJ clearly gave Plaintiff and Plaintiff's counsel a chance to proffer further evidence.[9] (AR at 41-42.) Plaintiff also could have submitted additional evidence to the Appeals Council. (Id. at 7.)

---

[9] At the closing of the administrative hearing held on February 8, 2010, Plaintiff and Plaintiff's attorney did not raise any further arguments:
    ALJ: Anything further, counsel?
    ATTY: No, your Honor.
    ALJ: All right. Thank you. Mr. Geris, I'm going to take this under advisement, I'll issue a written decision, you'll get it in the mail in a month or two.
    CLMT: Thank you, Your Honor.
    ALJ: Thank you.
    (The hearing closed at 10:13 a.m., on February 8, 2010.) (AR at 41-42.)

Nevertheless, Plaintiff did not submit any additional evidence to prove his contention that it was "doubtful Plaintiff was only seen once." (Id. at 15.) He simply did not provide any medical records past November 2008 at any time. The ALJ's conclusion that the lack of treatment during this time was not consistent with Plaintiff's allegations of disability is a clear and convincing reason for discounting Plaintiff's credibility. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (the ALJ may consider unexplained or inadequately explained failure to seek treatment in finding credibility); see also Johnson, 60 F.3d at 1434 (infrequent treatment may be used by the ALJ to refute allegations of disabling pain).

### d. Third-Party Report.

Plaintiff contends that the ALJ failed to provide clear and convincing reasons in rejecting the third-party report of Plaintiff's wife, Michelle Geris. (JS at 15.) The ALJ considered this third-party report and rejected it as follows:

> In making this determination, I considered the third-party report of Michelle Geris, the claimant's wife. Her report tends to support his allegations, particularly with respect to his claims regarding foot and leg pain, as well as the allegation regarding the inability to stand and walk for more than a brief period. However, as explained above, there is little, if any, medical support for these claims. To the contrary, the claimant's gait was found to be entirely normal during his consultative medical examination. In addition, the claimant's treating medical sources have also reported that his gait is normal. Because of this lack of medical corroboration, I must conclude that her report does little to further the merit of the claimant's applications.

(AR at 15 (citations omitted).)

Title 20 C.F.R. sections 404.1513(d) and 416.913(d) provides that in addition to medical evidence, the Commissioner "may also use evidence from

13

other sources to show the severity of [an individual's] impairment(s) and how it affects [her] ability to work," and the Ninth Circuit has repeatedly held that "[d]escriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). This applies equally to the sworn hearing testimony of witnesses, as well as to unsworn statements and letters of friends and relatives. See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996); see also Schneider v. Comm'r of Soc. Sec. Admin., 223 F.3d 968, 975 (9th Cir. 2000). If the ALJ chooses to reject such evidence from "other sources," he may not do so without comment. Nguyen, 100 F.3d at 1467. The ALJ must provide "reasons that are germane to each witness." Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff's wife knew about Plaintiff's symptoms and how they affected his ability to work, which makes her testimony competent. (Id.); see Nguyen, 100 F.3d at 1467 (lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence). The ALJ found, however, that Plaintiff's wife's testimony was largely the same as Plaintiff's and correspondingly dismissed it on similar grounds. See Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (lay testimony that is inconsistent with medical evidence is a germane reason to discredit lay testimony). The Court does not consider the persuasiveness of the ALJ's reasons for rejecting the statements of Plaintiff's wife. Ultimately, the ALJ provided several reasons for rejecting the third-party evidence that were germane to the witness.

Based on the foregoing, the Court finds the ALJ's credibility finding was supported by substantial evidence and was sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit Plaintiff's subjective testimony. Thus, there was no error.

/ / /

## IV.

## ORDER

Based on the foregoing, IT IS THEREFORE ORDERED, that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

Dated: June 22, 2012

HONORABLE OSWALD PARADA
United States Magistrate Judge